IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                  CRIMINAL NO.  3:24-cr-43-DCB-LGI

ROSENDO GONZALEZ MORA,
a/k/a Chendo

## PRELIMINARY ORDER OF FORFEITURE

Before this Court is an Unopposed Motion for Preliminary Order of Forfeiture [87], after

Defendant **ROSENDO GONZALEZ MORA's**, pleas of guilty to Count 6 and 12 of the

Indictment [20].  Having reviewed the Government's motion, this Court finds that it is well-

taken and should be GRANTED.

IT IS HEREBY ORDERED THAT:

1.      As a result of his guilty plea to the Indictment [20] and based on the information

presented during the Change of Plea Hearing, specifically that Defendant **ROSENDO**

**GONZALEZ MORA** knowingly conspired to possess with intent to distribute a controlled

substance in violation of 18 U.S.C. §§ 924(c)(1)(A), 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and

the allegations included in the United States' motion for preliminary order of forfeiture, the

Court finds that (the "**Subject Property**"):

| Asset ID | Property Description |
|---|---|
| 24-ATF-018160 | Real property located at 4525 Raymond Road, Jackson, Mississippi 39212, owned in the name of Violeta D. Martinez,<br><br>The following described property, together with the improvements, hereditaments and appurtenances thereunto belonging, located in the Judicial District of the County of Hinds, State of Mississippi and more particularly described as follows, to-wit: |

| | |
|---|---|
| | A certain Lot or parcel of land in the NW1/4 of Section 27 and in the SW l/4 of Section 27, all in Township 5 N Range 1 West, particularly described by metes and bounds as follows, to-wit:<br><br>Beginning at the Southwest corner of the NW ¼ of said Section 27; run thence North 77º-15' East 190 feet to point marked by an iron stake; thence North 17º l5' West 579 feet to the South right of way line of the Jackson Raymond Concrete Highway; thence Northeasterly along the South right, of way line of said Highway 153.3 feet to a point marked by an iron stake; thence South 22° East 253.6 feet to a point marked by an iron stake; thence South 1755 feet to a point marked by an iron stake: thence South 89° 15' West 224.2 feet to a point marked by on iron stake, thence North 1320 feet to a point marked by an iron stake, being the point of beginning, containing 9 acres more or less. |
| 24-ATF-018161 | Real property located at 4531 Raymond Road, Jackson, Mississippi 39212, owned in the name of Alondra D. Reyes<br><br>A certain lot or parcel of land being in the SW¼ of the NW 1/4 of Section 27, and in the SE ¼ of the NE ¼ of Section 28, Township 5 North, Range I West, Hinds County, Mississippi, and being more particularly described by metes and bounds as follows, to-wit:<br><br>Beginning at a point which point is North 77 degrees 15 minutes East 115.2 feet from the SW corner of NW ¼ of Section 27, Township 5 North, Range 1 West, Hinds County, Mississippi, and run thence North 18 degrees West for a distance of 554 feet to the South right of way line of the Raymond and Jackson paved road; thence North 60 degrees 30 minutes East along the South right of way of said road for a distance of 81.6 feet; thence South 17 degrees 15 minutes East for a distance of 579 feet; thence South 77 degrees 15 minutes West for a distance of 74.8 feet to the point of beginning. |
| 24-ATF-024104 | Real property located in Jackson, Hinds County, Mississippi, held in the name of Violeta Del Rosal<br>Parcel No. 849-165, more particularly described as:<br><br>W ½ NW ¼ SW ¼ Less 182.5 Feet W/S Sec 27 R T5 R1W |

is subject to forfeiture under 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal

Procedure, that the defendant has an interest in such property, and that the United States has

established the requisite nexus between such property and the offense to which the defendant pleaded guilty.  Therefore, the Court finds that the **Subject Property** shall be forfeited to the United States.

2.     The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture.

3.     The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States shall also, to the extent practicable, provide written notice to any person known to have an alleged interest in the **Subject Property**.  Fed. R. Crim. P. Rule 32.2(b)(6).

4.     Any person, other than the above-named defendant, asserting a legal interest in the **Subject Property** may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the **Subject Property**, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n).

5.     Pursuant to Rule 32.2(b)(4)(A) and (B) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third-party files a timely claim, this preliminary order of forfeiture shall become the final order of forfeiture, as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

6.     Any petition filed by a third-party asserting an interest in the **Subject Property** shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the **Subject Property**, the time and circumstances of

the petitioner's acquisition of the right, title, or interest in the **Subject Property**, any additional facts supporting the petitioner's claim and the relief sought.

7.      After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.  Fed. R. Crim. P. 32.2(c)(1)(B).

8.      The United States shall have clear title to the **Subject Property** following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third-party petitions.

9.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDER AND ADJUDGED this  6th  day of September 2024.


s/David Bramlette
UNITED STATES DISTRICT JUDGE

4